UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOHN EDWARD DONELL, SR. | CIVIL ACTION NO. 05-1144 |
| versus | JUDGE HICKS |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | **REFERRED TO: MAGISTRATE JUDGE HORNSBY** |

# MEMORANDUM RULING

**Introduction**

John Donnell ("Plaintiff") applied for benefits based on problems including rotator cuff difficulties, heart problems, high blood pressure and diabetes. Plaintiff, who has a high school education and past work experience that includes employment as a recycling manager and mechanic's helper, was 50 years old when ALJ Howard Treblin denied his claim.

The ALJ analyzed the claim pursuant to the familiar five-step sequential analysis. He found that Plaintiff was not engaged in substantial gainful activity (step one) and suffered from status-post right clavicle resection, obesity, diabetes, coronary artery disease and depression, impairments that are severe within the meaning of the regulations. The ALJ then discussed the possibility of Plaintiff satisfying a listed impairment (step three) but determined that he did not.

The ALJ then assessed Plaintiff's residual functional capacity ("RFC"). He reviewed the medical evidence and testimony, assessed the relative weight of the evidence, and

determined that Plaintiff had the RFC to perform the exertional demands of light work, reduced by no more than occasional stooping, crouching, crawling, kneeling, balancing and climbing, occasional overhead reaching with the arms, and with the mental capacity to perform simple repetitive tasks. The reaching limitation prevented Plaintiff from performing his past relevant work (step four), so the ALJ inquired at step five whether Plaintiff had the ability to perform other work that is available in the national economy. A vocational expert ("VE") testified that a person with Plaintiff's RFC and vocational factors could perform production jobs at both the light and sedentary levels. The ALJ accepted that testimony and, also considering that Medical-Vocational Rules 202.13 and 202.14 would direct a conclusion of not disabled if Plaintiff could perform the full range of light work, denied the claim at step five.

The Appeals Council denied a request for review. Plaintiff then filed this civil action seeking the limited judicial relief that is available pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Issues on Appeal**

Plaintiff complains that the ALJ erred when, after finding that Plaintiff had a moderate limitation in the area of social functioning, he did not include that limitation in the

hypothetical posed to the VE. Plaintiff also complains that his waiver of the right to representation before the agency was not lawful.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Hypothetical to the VE**

Testimony from a VE may provide substantial evidence with respect to the inquiries at step five, but reversal may be required if the ALJ poses a defective hypothetical question to the VE. "Unless the hypothetical question posed to the vocational expert by the ALJ can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ, and the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question), a determination of non-

disability based on such a defective question cannot stand." Bolling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994). See also Boyd v. Apfel, 239 F.3d 698, 707 (5th Cir. 2001).

Plaintiff had been diagnosed with depression, and the ALJ reviewed Listing 12.04 to determine whether Plaintiff satisfied its requirements. Among his findings in that assessment was that Plaintiff "has moderate limitations of social functioning." Plaintiff argues that this limitation should have been included in the question posed to the VE. The court concludes that there is no reversible error under the circumstances.

In addition to the finding of a moderate limitation in social functioning, the ALJ later discussed in a more factually specific way the limitations he believed Plaintiff had stemming from his mental problems. He found that Plaintiff did have the ability to perform the basic mental demands of competitive, unskilled work. He found that Plaintiff could maintain regular attendance and punctuality, sustain an ordinary routine without special supervision, and "work in coordination with or in proximity to others without being unduly distracted, accept instructions and respond appropriately to supervisors . . . ." Tr. 17-18. The ALJ then included in Plaintiff's RFC that he had the mental capacity to perform simple repetitive tasks. Tr. 19.

The ALJ asked the VE to assume a certain RFC and discuss whether a person with that RFC and the relevant vocational factors could perform available work. The ALJ then assumed progressively more limited RFC's and asked if such persons could work. When the ALJ asked the VE to assume all of the limitations reflected in the RFC he eventually found

Plaintiff to have, including a "mental residual functional capacity that's limited to simple repetitive type tasks," the VE testified that there would be unskilled production jobs available to such a person. Tr. 730. The ALJ then continued to impose additional limitations beyond that RFC and ask if such a person could perform the demands of available jobs. For example, he asked the VE to assume an RFC for a person with limitations consistent with mere sedentary work and "limited to simple repetitive tasks with no public contact." The VE testified that the person could still perform the demands of sedentary unskilled production jobs that exist in significant numbers in the economy. Tr. 731.

Reversible error is not presented. The ALJ fairly reflected Plaintiff's mental limitations in his RFC and in his questions posed to the VE. Even if the ALJ had gone further and added a requirement of no public contact to his RFC (perhaps the most extraordinary limitation that could arise from a moderate limitation in social functioning), the VE's testimony makes clear that the same result would have been reached.

**Waiver of Representation**

Plaintiff argues that his right to representation was not legally waived because the notices provided him did not state that the most an attorney could charge would be 25% of recovered past due benefits.

A claimant has a statutory right to counsel at a benefits hearing. 42 U.S.C. § 406. The Commissioner is required by Section 406(c) to notify each claimant in writing of the options for obtaining attorneys to represent persons in presenting their cases before the agency. The

notification "shall also advise the claimant of the availability to qualifying claimants of legal services organizations which provide legal services free of charge." Id. The notice need not guarantee the availability of free legal services, as such services may or may not be available in a particular community. Clark v. Schweiker, 652 F.2d 399, 403 (5th Cir. 1981).

When determining whether a claimant has received adequate notice of and knowingly and intelligently waived his right to representation, the courts frequently look to whether the agency has explained to the claimant (1) the manner in which an attorney can aid in the proceedings, (2) the possibility the claimant could qualify for free representation or a contingency fee arrangement, and (3) the limitation on the amount of benefits the agency will withhold to pay toward an attorney fee. See, e.g., Castillo v. Barnhart, 325 F.3d 550, 552 (5th Cir. 2003); Clark, 652 F.2d at 403-04.

After Plaintiff's claim was denied at the lower administrative level, Plaintiff was advised in writing of his right to request a hearing. The notice described the hearing process and contained the following information under a heading "IF YOU WANT HELP WITH YOUR APPEAL":

> You can have a friend, lawyer, or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal.
>
> If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it. And if you hire a lawyer, we will withhold up to 25 percent of any past due Social Security benefits to pay toward the fee. We do not withhold money from SSI benefits

>to pay your lawyer.

Tr. 46. The agency later sent Plaintiff another letter that again described the hearing process and, under the heading "Your Right to Representation," provided the following information:

> You may choose to be represented by a lawyer or other person. A representative can help you get evidence, prepare for the hearing, and present your case at the hearing. If you decide to have a representative, you should find one immediately so that he or she can start preparing your case.
>
> Some private lawyers charge a fee only if you receive benefits. Some organizations may be able to represent you free of charge. Your representative may not charge or receive any fee unless we approve it.
>
> We have enclosed the leaflet 'Social Security and Your Right to Representation.' We are also enclosing a list of groups that can help you find a representative.
>
> If you get a representative, you or that person should call us to give us his or his name, address and telephone number. You also will need to complete our Form SSA 1696-U4 Appointment of Representative. Any local Social Security office can give you this form.

Tr. 51. The leaflet is not in the record filed with the court, but the current version of the leaflet is SSA Publication No. 05-10075, and it is available on the agency's website at www.ssa.gov/pubs/10075.html. The leaflet sets forth clear and concise information about what a representative can do to help a claimant, the possible availability of free legal services or services from a representative who does not charge a fee unless the claimant receives benefits, that the representative may not charge a fee unless it is approved by the agency, the limits on the amount of a fee, and that the agency will usually withhold up to 25% (but never more) of past-due benefits to pay toward a fee. The agency does not, however, withhold an

amount for a fee in an SSI case.

Then, shortly before the hearing, the ALJ sent Plaintiff a notice that, under the heading "You May Choose to Have a Person Represent You," provided the following:

> If you want to have a representative, please get one right away. You should show this notice to anyone you may appoint. You or that person should call this office to give us his or his name, address and telephone number.

Tr. 26.

At the commencement of the hearing, the ALJ first addressed the right to representation. This exchange took place:

> ALJ: I notice that you don't have a lawyer or a representative. Did you receive our letter advising you of the fact that you could have a representative at the hearing?
>
> CLMT: Yes.
>
> ALJ: Are you aware of the fact that many of these representatives will not charge you anything unless you are successful with your case?
>
> CLMT: Yes. I had called up here and they had mentioned about coming to the hearing then from there they decide where to get a judge, I mean, a lawyer.
>
> ALJ: Do you want to obtain a lawyer to help you with your case, sir, or do you want to proceed with the hearing today?
>
> CLMT: No, just go ahead, proceed.
>
> ALJ: Let the record reflect that the claimant has been advised of his right to representation; that he wishes to proceed with the hearing today.

Tr. 711.

The record demonstrates that Plaintiff received adequate notice of and knowingly and

intelligently waived his right to representation. Furthermore, to obtain relief on such a claim the claimant must show that he was prejudiced by his lack of representation. Brock v. Chater, 84 F.3d 726 n. 1 (5th Cir. 1996) (claimant was not prejudiced because he could point to no evidence that "would have been adduced and that could have changed the result had [the claimant] been represented by counsel."). Plaintiff claims that he was prejudiced because he needed help to examine the VE. The transcript does show that when the ALJ asked Plaintiff if he had questions for the VE, Plaintiff said his mind was blank and that he was hoping his neighbor would return because she had been helping him a lot. The neighbor was then summoned from the lobby, and she testified (but did not cross-examine the VE). Tr. 731-33. Plaintiff, now represented by counsel, has not suggested that there was any line of cross-examination or questioning that, had it been posed to the VE, could have changed the result. Accordingly, judicial relief is not warranted.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 31st day of July, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE